# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | **CASE NO.  1:11-cr-00280** |
| Plaintiff, | : | **JUDGE SARA LIOI** |
| v. | : | |
| | : | **MAGISTRATE JUDGE** |
| **RUBY SEAGRAVES,** | : | **NANCY A. VECCHIARELLI** |
| Defendant. | : | **REPORT & RECOMMENDATION** |

Pursuant to General Order 99-49, this matter has been referred to United States Magistrate Judge Nancy A. Vecchiarelli for purposes of receiving, on consent of the parties, the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered. The following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

1. On August 11, 2011, the defendant, accompanied by counsel, proffered a plea of guilty to count 1 of the indictment.

2. Prior to such proffer, the defendant was examined as to her competency, advised of the charge and consequences of conviction, informed that the Federal Sentencing Guidelines are advisory and the Court must consider them but the Court may impose any reasonable sentence authorized by law, notified of her rights, advised that she was waiving all her rights except the right to counsel and otherwise was provided with the information prescribed in Fed. R. Crim. P. 11.

3. The parties and counsel informed the Court that there was no plea agreement between the parties and any plea offers by the United States Attorneys Office had been communicated to the defendant by defense counsel; the undersigned was advised that, aside from such notice as described or submitted to the court, no other representations, commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

4. The undersigned questioned the defendant under oath about the knowing, intelligent, and voluntary nature of the plea of guilty, and finds that the defendant was competent to enter a plea and the plea was offered knowingly, intelligently, and voluntarily.

5. The parties provided the undersigned with sufficient information about the charged offense(s) and the defendant's conduct to establish a factual basis for the plea.

In light of the foregoing and the record submitted herewith, the undersigned finds that the defendant's plea was knowing, intelligent, and voluntary, and all requirements

imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Therefore, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court.


>   s/ *Nancy A. Vecchiarelli*
>   NANCY A. VECCHIARELLI
>   UNITED STATES MAGISTRATE JUDGE


DATE:  August 12, 2011


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Therefore, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court.

>   s/ *Nancy A. Vecchiarelli*
>   NANCY A. VECCHIARELLI
>   UNITED STATES MAGISTRATE JUDGE

DATE:  August 12, 2011

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**